**UNPUBLISHED**

**UNITED STATES COURT OF APPEALS**

**FOR THE FOURTH CIRCUIT**

DIRECTOR, OFFICE OF WORKERS'
COMPENSATION PROGRAMS, UNITED
STATES DEPARTMENT OF LABOR,
<u>Petitioner,</u>

v.

NEWPORT NEWS SHIPBUILDING AND                No. 96-2653
DRY DOCK COMPANY,
<u>Respondent,</u>

and

ELLIOTT PARKMAN,
<u>Claimant.</u>

On Petition for Review of an Order
of the Benefits Review Board.
(94-609)

Submitted: September 2, 1997

Decided: September 18, 1997

Before LUTTIG, MICHAEL, and MOTZ, Circuit Judges.

_____

Affirmed by unpublished per curiam opinion.

_____

**COUNSEL**

J. Davitt McAteer, Acting Solicitor of Labor, Carol A. De Deo, Asso-
ciate Solicitor, Joshua T. Gillelan, II, Senior Attorney, Office of the

Solicitor, UNITED STATES DEPARTMENT OF LABOR, Washington, D.C., for Petitioner. Jonathan H. Walker, MASON & MASON, P.C., Newport News, Virginia; Dean C. Berry, Assistant General Counsel, NEWPORT NEWS SHIPBUILDING AND DRY DOCK COMPANY, Newport News, Virginia, for Respondent.

_____

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

_____

## OPINION

PER CURIAM:

The Director of the Office of Workers' Compensation Programs petitions for review of the final order of the Benefits Review Board ("BRB") of the United States Department of Labor granting respondent Newport News Shipbuilding and Dry Dock Company ("Newport News") relief from its compensation liability under 33 U.S.C. § 908(f) (1994) of the Longshore and Workers' Compensation Act (the "Act").* The Director argues that the Administrative Law Judge ("ALJ") erred in applying the standard for determining whether an employer has satisfied the contribution requirement of § 908(f). For the reasons set forth below, we affirm.

For an employer to obtain a limitation of its compensation liability under § 908(f) in the case of a permanent partial disability, the employer must affirmatively establish: (1) that the employee had an

_____

*The BRB never addressed the merits of the appeal. On September 12, 1996, the BRB sent the parties a notice stating that pursuant to the provisions of Public Law Number 104-134, enacted on April 26, 1996, all appeals to the BRB relating to claims under the Act were deemed to have been affirmed if the case had been pending before the BRB for one year by September 12, 1996. Because Parkman's appeal met these criteria, the BRB informed the parties that the ALJ's decision had been effectively affirmed by the BRB on September 12, 1996, for purposes of their rights to obtain review in this court.

2

existing permanent partial disability, (2) that was manifest to the employer, and (3) that the ultimate permanent partial disability materially and substantially exceeded the disability which would have resulted in the absence of the pre-existing disability. Director, OWCP v. Newport News Shipbuilding (Harcum), 8 F.3d 175, 182-83 (4th Cir. 1993), aff'd, 514 U.S. 122 (1995).

Elliot Parkman, a ship repairman and construction worker, was exposed to airborne asbestos dust and fibers throughout the course of his employment with Newport News from 1950 until 1978. On March 2, 1992, Parkman was diagnosed with work-related asbestosis.

Parkman then filed a claim for permanent partial disability benefits under the provisions of the Act. The parties stipulated that Parkman suffered a twenty-five percent impairment and was entitled to compensation. Those benefits are not in dispute.

In a proceeding before the ALJ, Newport News sought relief pursuant to § 908(f) for pre-existing disability. In support of its claim for § 908(f) relief, Newport News developed Parkman's medical history. In 1969, Parkman injured his chest in a fall from a boat. His condition was diagnosed as pneumothorax. A chest x-ray taken of Parkman in 1987 was interpreted as showing pulmonary fibrosis and emphysema. In addition, his physician's office notes from 1990 and 1991 indicate that Parkman had fibrosis, emphysema, and chronic bronchitis.

Newport News also presented two reports prepared by Dr. J.H. Hall. Hall concluded that Parkman had pre-existing fibrosis (caused by the 1969 pneumothorax), chronic bronchitis, and emphysema and that these pre-existing conditions were permanent and serious. Hall opined as follows:

> Mr. Parkman's lung impairment, AMA rating and disability are not caused by his asbestosis alone, but rather his lung impairment, AMA rating and disability are materially contributed to and made materially and substantially worse by his pre-existing fibrosis and [chronic obstructive pulmonary disease ("COPD")]. Mr. Parkman's asbestosis is rather mild . . . the fibrosis and COPD are a major cause of Mr. Park-

3

man's lung impairment, and hence his AMA rating and disability.

This evidence was uncontradicted by the Director.

The ALJ granted Newport News' request for § 908(f) relief:

> Dr. Hall concluded that while claimant has asbestosis, his lung impairment and disability were not solely the result of his asbestosis but were contributed to and made materially and substantially worse by his pre-existing fibrosis, emphysema, and chronic bronchitis. Dr. Hall's opinion is well reasoned, consistent with the medical records, and uncontradicted, and I accept it as credible. I therefore conclude that Mr. Parkman's pre-existing disabilities contributed to his disability from asbestosis.

The Director asserts that Newport News' evidence was insufficient quantification under Harcum. In Harcum , this court reversed the ALJ's decision to assess the Special Fund for compensation payments, because the ALJ and the BRB failed to require a showing of the "materiality prong" of the contribution element. The court then noted that Newport News did not submit any evidence supporting a finding of "materiality." 8 F.3d at 186.

The ALJ in Harcum concluded that the Claimant's pre-existing permanent partial disability combined with his subsequent injury to cause a "greater" degree of disability than that which would have resulted solely from the work-related injury. This court found that this conclusion stopped short of identifying whether the"ultimate permanent partial disability is materially and substantially greater than a disability caused by the work related injury only." The court also noted that, in order to satisfy this prong, the employer must show "quantification" of the level of impairment that would result from the work-related injury alone:

> an employer must present evidence of the type and extent of disability that the claimant would suffer if not previously disabled when injured by the same work-related injury.

4

> Once the employer establishes the level of disability in the absence of a pre-existing permanent partial disability, an adjudicative body will have a basis on which to determine whether the ultimate permanent partial disability is materially and substantially greater.

Id. at 185-86.

We hold that Harcum does not bar § 908(f) relief in this case. In Harcum, the doctor's report only opined that the two conditions "combined to create a greater impairment." In addition, although in Harcum Newport News provided the pre-existing and ultimate impairment percentages, these statistics did not show to what degree the pre-existing condition interacted with the work-related injury. Finally, the ALJ found only that the pre-existing injury caused a "greater" ultimate disability, rather than the "materially and substantially greater" finding that is required by § 908(f). See 8 F.3d at 186 n.9.

Here, Hall's report specifically concluded that the overall disability was "materially and substantially greater" than it would have been with asbestosis alone. In addition, Hall's report showed that Parkman's pre-existing conditions were "extensive" and that the degree of lung impairment attributable to his asbestosis alone was "mild." The ALJ found this conclusion to be supported by Parkman's medical history, including the medical reports of several doctors, as well as x-ray evidence. Finally, the ALJ specifically adopted Hall's findings that Parkman's lung impairment was "made materially and substantially worse" by his pre-existing conditions.

Therefore, we find that substantial evidence supported the ALJ's determination that Newport News satisfied the third element for § 908(f) relief. See See v. Washington Metro. Area Transit Auth., 36 F.3d 375, 380 (4th Cir. 1994) (standard of review). Harcum did not require rigid adherence to numbers, percentages, or quotas. Instead, it required quantification of the level of impairment from the work-related injury alone. 8 F.3d at 185-86. Here, the evidence that Parkman's asbestosis was "mild," when compared with his "extensive" ultimate lung impairment, was sufficient to show quantification.

5

Accordingly, the order of the Benefits Review Board is affirmed. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED

6